UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**WALTER W. LACEY,**                                           Chapter 13
    Debtor                                  Case No. 10-19903-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**WALTER W. LACEY,**
    Plaintiff

v.                                                              Adv. P. No. 10-1249

**BAC HOME LOANS SERVICING, LP; GMAC-RFC
HOLDING COMPANY, LLC, ORLANS MORAN PLLC,
BANK OF NEW YORK MELLON TRUST COMPANY, NA,
and DARLENE McCARTHY**

    Defendants

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM AND ORDER**

Upon consideration of: (1) the Verified Complaint filed by the debtor, Walter W. Lacey (the "Debtor" or the "Plaintiff") on September 13, 2010 against BAC Home Loans Servicing, LP,[1] GMAC-RFC Holding Company, LLC ("GMAC"), Orlans Moran PLLC, and Bank of New York Mellon Trust Company, N.A. ("BONY")(collectively, the "Defendants")

---

[1] The Plaintiff originally misidentified the defendant as Bank of America Home Loans in the Complaint and amended the caption on January 27, 2011.

1

which contains no specified counts against the Defendants but through which the Plaintiff generally alleges that a prepetition foreclosure sale conducted on September 3, 2010, nine days before the filing of his Chapter 13 petition on September 12, 2010, with respect to his residence located at 11 Mount Vernon Street, Charlestown, Massachusetts (the "property") was improper; (2) the Emergency Motion for Injunctive Relief (the "Motion"), filed ten days after the foreclosure sale on September 13, 2010, through which the Debtor seeks to enjoin any further action with respect to the foreclosure sale;[2] (3) the "Opposition of Darlene McCarthy, Interested Party, to the Allowance of Injunctive Relief on Behalf of Walter Lacey," filed on November 16, 2010 by Darlene McCarthy[3] ("McCarthy"), the successful bidder at the foreclosure sale; (4) the representations of the parties made at a hearing held on January 6, 2011; (5) the Defendants' Joint Opposition to Plaintiff's Motion for Preliminary Relief filed on behalf of all Defendants other than McCarthy;[4] (6) the Debtor's Brief in Support of Continuation of Preliminary Injunction; and (7) the representations, arguments and submissions of the parties made at the hearing conducted on January 27, 2011, the

---

[2] The Court conducted its first hearing on the Motion on September 16, 2010 and allowed a preliminary injunction by agreement of the parties in attendance, pending a further hearing on the matter. The Court held a continued hearing on the Motion on January 6, 2011 and directed the parties to submit evidence in support of their positions prior to a further continued hearing to be conducted on January 27, 2011.

[3] The Debtor did not include McCarthy as a defendant in this adversary proceeding. On January 11, 2011, the Court allowed McCarthy to intervene as a defendant.

[4] The Court previously issued Notices of Default with respect to BONY and GMAC but vacated the defaults on January 27, 2010 following their filing of a Motion to Vacate Entry of Default.

Court rules as follows:

1. To obtain preliminary injunctive relief, a movant must demonstrate (1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships and (4) a fit (or lack of friction) between the injunction and the public interest. Nieves-Márquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003) (citation omitted). The first factor is considered most important. New Comm Wireless Services, Inc. v. SprintCom, Inc., 287 F.3d 1, 8 (1st Cir. 2002); Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir.1993).

2. The Court finds that the Plaintiff has failed to establish a likelihood of success on the merits in the Complaint. At the outset, the Court notes that the Plaintiff's Complaint does not contain separate counts, was poorly drafted and was deficient in containing cognizable legal theories in support of his claims. The Plaintiff appears to complain that the foreclosure sale was not conducted by the holder of the mortgage. The Debtor, however, did not rebut the evidence of the assignments of the mortgage attached to his own Motion and brief which show that BONY, as assignee, was the holder of the mortgage at the time of the notice of sale and the foreclosure sale. The Court rejects the Plaintiff's argument that the foreclosure was invalid as he did not establish any gap in the chain of mortgage assignments to the foreclosing mortgagee.

3. The Plaintiff did not show that the Defendants breached any duty of good faith in negotiating the mortgage modification with the Plaintiff and/or in denying mortgage modification under the Home Affordable Modification Program (HAMP). Moreover, the

3

Plaintiff does not have a private right of action as a third party beneficiary under HAMP. See Speleos v. BAC Home Loans Servicing, L.P., No. 10-11503-NMG, 2010 U.S. Dist. Lexis 132111, at *8-*9 (D. Mass. Dec. 14, 2010)("Most federal courts which have addressed [the] question have held that a borrower does not have standing under HAMP to bring a third-party beneficiary claim.")(citations omitted).   Further, the Plaintiff did not show through competent evidence that the mortgage loan was not in default at the time of the foreclosure sale.

    4.  The Plaintiff did not allege the elements of a cause of action for intentional or negligent infliction of emotional distress.

    5. The Plaintiff has not shown that the foreclosure sale was wrongful or that the foreclosing mortgagee did not comply with Massachusetts law. Moreover, he did not rebut the Defendants' assertion that the foreclosure sale did comply with Massachusetts law. Lastly, the foreclosure sale was completed prior to the commencement of the Debtor's Chapter 13 case.  As such, the Debtor's equity of redemption was extinguished prior to the petition date, and the property is not property of the bankruptcy estate within the meaning of 11 U.S.C. §§ 541 and 1306.  See Brown v. Financial Enterprises Corp. (In re Hall), 188 B.R. 476 (Bankr. D. Mass. 1995); Outpost Cafe, Inc. v. Fairhaven Savings Bank, 3 Mass. App. Ct. 1, 322 N.E.2d 183 (1975).

    6. For all of the above stated reasons, the Motion is denied.

                                                            By the Court,

Dated: February 17, 2011                            Joan N. Feeney
                                                                     United States Bankruptcy Judge