UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**WALTER W. LACEY,**                                Chapter 13
     Debtor                                        Case No. 10-19903-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**WALTER W. LACEY,**
     Plaintiff

v.                                                                    Adv. P. No. 10-1249

**BAC HOME LOANS SERVICING, LP;
GMAC-RFC HOLDING COMPANY, LLC,
ORLANS MORAN PLLC, and BANK OF
NEW YORK MELLON TRUST COMPANY, NA,**
     Defendants
**DARLENE McCARTHY,**
     Intervenor Defendant

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MEMORANDUM

**I. INTRODUCTION**

The matter before the Court is the Joint Motion to Dismiss Plaintiff's First Amended

Complaint filed by BAC Home Loans Servicing, LP, GMAC-REF Holding Company, LLC,

Orlans Moran PLLC and Bank of New York Mellon Trust Company, NA (collectively, the

"Defendants"), pursuant to Fed. R. Civ. P. 12(b)(6), which is made applicable to this

proceeding by Fed. R. Bankr. P. 7012. Walter W. Lacey (the "Plaintiff" or the "Debtor") filed

1

an Objection to the Defendants' Joint Motion to Dismiss, and the Court heard the matter on June 22, 2011.

## II. PROCEDURAL BACKGROUND

Walter W. Lacey (the "Debtor" or the "Plaintiff") filed a Chapter 13 case on September 12, 2010. He commenced the above-captioned adversary proceeding one day later.[1]

On October 25, 2010, he filed his Schedules and Statement of Financial Affairs. On Schedule A-Real Property, he listed an ownership interest in real property located at 11 Mount Vernon Street, Charlestown, Massachusetts (the "property"). He claimed that property as exempt on Schedule C pursuant to Mass. Gen. Laws ch. 188, § 1. No party in interest objected to the Debtor's claimed exemptions, although as noted below, the Court determined that the Debtor's equity of redemption had been terminated.

Although the Debtor filed his adversary proceeding against the Defendants on September 13, 2010, he did not list the claims against the Defendants on Schedule B-Personal Property. *See* Regan v. Beneficial Massachusetts, Inc., No. 07-1308, 2008 WL 4373001 (Bankr. D. Mass. Sept. 22, 2008). Rather, he indicated under penalty of perjury that he had no "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims."

On February 17, 2011, this Court entered a Memorandum and Order, denying the

---

[1] The Court takes judicial notice that the Debtor and his spouse have each filed two Chapter 13 petitions and that between them one or the other had a Chapter 13 case pending almost continuously between November of 2001 and July of 2008.

2

Plaintiff's Emergency Motion for Injunctive Relief. In that Memorandum and Order, this Court found that, on September 13, 2010, the Debtor filed a Verified Complaint against the Defendants which contained no specified counts against the Defendants. The Court further found that the Complaint contained generalized allegations that a prepetition foreclosure sale conducted on September 3, 2010, nine days before the filing of his Chapter 13 petition, with respect to the property was improper.

Based upon the record of proceedings, the Court, in its Memorandum and Order, denied the Plaintiff's Emergency Motion for Injunctive Relief. Through his Emergency Motion, the Debtor had sought to enjoin any further action with respect to the foreclosure sale at which Darlene McCarthy[2] ("McCarthy") was the successful bidder. The Court specifically found that the Plaintiff had failed to establish a likelihood of success on the merits of his original complaint because it did not contain separate counts, was poorly drafted and was deficient in containing cognizable legal theories in support of his claims. Additionally, the Court found that, although the Plaintiff appeared to complain that the foreclosure sale was not conducted by the holder of the mortgage, he did not rebut the evidence of the assignments of the mortgage attached to his own Motion and brief which showed that Bank of New York Mellon Trust Company, National Association f/k/a The Bank of New York Trust Company, N.A. as Successor to JPMorgan Chase, National Association ("BONY"), as assignee, was the holder of the mortgage at the time of the notice

---

[2] The Debtor did not name McCarthy as a defendant in this adversary proceeding. On January 11, 2011, the Court allowed McCarthy to intervene as a defendant.

of sale and the foreclosure sale. Additionally, the Court rejected the Plaintiff's argument that the foreclosure sale was invalid as he did not establish any gap in the chain of mortgage assignments to the foreclosing mortgagee.

In its Memorandum and Order, the Court also found that the Plaintiff had not established that the Defendants breached any duty of good faith in negotiating the mortgage modification with the Plaintiff and/or in denying mortgage modification under the Home Affordable Modification Program ("HAMP") and that he had a private right of action as a third party beneficiary under HAMP in light of existing case law in this cirucit. *See* Speleos v. BAC Home Loans Serv., L.P., No. 10-11503-NMG, 2010 U.S. Dist. Lexis 132111, at *8-*9 (D. Mass. Dec. 14, 2010)("Most federal courts which have addressed [the] question have held that a borrower does not have standing under HAMP to bring a third-party beneficiary claim.")(citations omitted).

Additionally the Court found that the Plaintiff did not show through competent evidence that the mortgage loan was not in default at the time of the foreclosure sale or that elements of a cause of action for intentional or negligent infliction of emotional distress existed. In short, the Court concluded that the Plaintiff had not shown that the foreclosure sale was wrongful; that the foreclosing mortgagee did not comply with Massachusetts law; that, because the foreclosure sale was completed prior to the commencement of the Debtor's Chapter 13 case, his equity of redemption remained in existence prior to the petition date; and that the property was property of the bankruptcy estate within the meaning of 11 U.S.C. §§ 541 and 1306. *See* Brown v. Fin. Enters. Corp. (In re Hall), 188 B.R. 476 (Bankr. D. Mass.

1995); Outpost Cafe, Inc. v. Fairhaven Sav. Bank, 3 Mass. App. Ct. 1, 322 N.E.2d 183 (1975).

Approximately six months after the commencement of the adversary proceeding against the Defendants, on February 25, 2011, the Plaintiff filed a First Amended Complaint. In his Complaint, the Plaintiff set forth nine causes of action as follows: Count I -Wrongful Foreclosure; Count II - Promissory Estoppel; Count III-Chapter 93A; Count IV -RESPA; Count V - Fair Debt Collection Practices Act; Count VI - Deceit and Misrepresentation; Count VII - Negligence; Count VIII -Accounting; and Count IX - Infliction of Emotional Distress. The Defendants filed the Joint Motion to Dismiss on April 26, 2011.

### III. EVIDENCE CONTAINED IN THE RECORD

A. The Affidavit of Counsel to the Debtor

The Debtor's attorney submitted an Affidavit with the Emergency Motion for Injunctive Relief, to which he attached the following documents:

An assignment dated December 8, 1998 and recorded on January 4, 1999, pursuant to which Fleet Mortgage Corp. assigned the Debtor's mortgage to FNMA;

A so-called corrective assignment, dated September 20, 2004, notarized on September 20, 2004 and recorded on August 1, 2006, pursuant to which Washington Mutual Bank, FA successor to Fleet Mortgage Corp. assigned the Debtor's Mortgage to JPMorgan Chase Bank as Trustee [illegible] Residential Funding Corporation;

An assignment notarized on November 24, 2009 and recorded on February 26, 2010 pursuant to which Federal National Mortgage Association, by Wilshire Funding Corporation Its Attorney in Fact, assigned the Debtor's mortgage to The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as Successor of JPMorgan Chase Bank, National Association;

A foreclosure notice under the Servicemembers Civil Relief Act filed by The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as Successor of JPMorgan Chase Bank, National Association, in the Land Court on November 27, 2009 and recorded on March 3, 2010;

A letter, dated February 1, 2010, to the Debtor from BAC Home Loans advising him that his loan had been recently transferred to BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.  The letter also advised him that "[u]nder the Fair Debt Collections Practice Act, as well as various state-specific acts, BAC Home Loans is considered a debt collector." It also advised him that under the Fair Debt Collections Practice Act, BAC Home Loans as a debt collector was required to inform him of that status; that the amount of his debt, *as of November 18, 2009, was $116,348.59*, including the unpaid principal balance, interest, fees and other charges; that the name of the creditor to whom he owed the debt was "GMAC-RFC SSID Z86; that unless he disputed the debt or any portion of the debt within 30 days of the receipt of the letter, BAC Home Loans would assume the amount was valid; that if he disputed the validity of the debt or any portion of the debt, in writing within 30 days, BAC Home Loans would obtain verification of the debt and mail it to him; and that, if he requested it in writing, within 30 days, it would provide him the name and address of the original creditor if it were different from the current creditor (emphasis supplied);

A letter dated February 26, 2010 from the Debtor and his spouse to BAC Home Loans  with respect to a letter they received in early February 2010, advising it of their belief that the amount of outstanding debt was incorrect, disputing the amount  stated in the enclosed statement, and requesting the name and address of the original creditor;

A letter dated April 16, 2010 from BAC Home Loans Servicing, LP, advising the Debtor that he might be eligible for HAMP, providing a pre-paid envelope for financial documents in support of an application, and concluding "*we want to help you, so please consider this opportunity* (emphasis supplied) . . .;"[3]

---

[3] The Defendants attached the same letter to their Memorandum in Support of their Motion to Dismiss.  BAC Home Loans Servicing LP, however, attached materials to its letter, including Frequently Asked Questions, a Checklist, a Request for Modification and Affidavit, IRS From 4506-T, and a pre-paid return envelope.  In the FAQs the following question and answer appeared:

Document      Page 7 of 12

A Making Home Affordable Program Request for Modification and Affidavit executed by the Plaintiff and his spouse on May 1, 2010;

A letter dated May 26, 2010 from BAC Home Loans Servicing "Home Retention Division" thanking the Debtor for his interest in HAMP and advising him that required documents were missing or contained incorrect information that needed to be supplied by *June 25, 2010 (emphasis supplied)*;[4] and

A letter dated *August 4, 2010* to the Debtor from BAC Home Loans Servicing, LP in which the "Home Loan Team" thanked him for sending his financial to documents to support the Home Affordable Modification Program loan modification eligibility review and advising him as follows:

> Within 30 days, you will hear from us about your eligibility for a loan modification. We will give you one of these three responses:
>
> • You are accepted into the program with instructions on how to proceed
>
> • You are declined from the program, *but we may have other options to help you avoid foreclosure*
>
> • We need more information from you to make

---

> Q. Will a foreclosure occur if I participate in the Home Affordable Modification Program?
>
> As long as you comply with the terms of the Trial Period Plan, we will not start foreclosure proceedings. . . .
>
> If foreclosure proceedings started prior to you entering into the Home Affordable Modification Program Trial Period Plan, you will need to continue to respond to all notices while in the Trial Period Plan. Not responding to any foreclosure notice could affect your legal rights.

[4] In Defendants' Joint Opposition to Plaintiff's Motion for Preliminary Relief, the Defendants stated in ¶ 5 that Plaintiff did not provide BAC with the missing, required documentation and that, therefore, "BACHLS denied his HAMP application on July 13, 2010." The record is devoid of a letter informing the Debtor of such denial.

7

our decision (emphasis supplied) . . . .

B. <u>Evidence Attached to the Memorandum in Support of Joint Motion to Dismiss</u>

The Defendants attached to their Memorandum in Support of Joint Motion to Dismiss, among other documents, the following documents, all of which were unauthenticated, the following

> A letter dated March 18, 2010 from Orlans Moran referencing a complaint captioned, The Bank of New York Mellon Trust Company, National Association FKA The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee POOLING AND SERVICING AGREEMENT Dated as of January 1, 2005 Mortgage Asset-Backed Pass-Through Certificates Series 2005-RPI v. Walter W. Lacey, and providing the Debtor with notice of the intention of its intention to foreclose his mortgage under the power of sale contained the mortgage, and attaching a copy of Mortgagee's Notice of Sale of Real Estate, reflecting a foreclosure sale scheduled for *April 9, 2010*; (emphasis supplied)

> A Making Home Affordable Program Request for Modification and Affidavit submitted by the Debtor and his spouse, dated May 10, 2010 in which the Debtor or his spouse represented "Walter has been out of work since 2007. He is on appeal for disability with social security office;"

> Certificate of Entry dated September 3, 2010 pursuant to which an agent of Orlans Moran certified that The Bank of New York Mellon Trust Company, National Association FKA The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase bank N.a. as Trustee POOLING AND SERVICE AGREEMENT Dated as of January 1, 2005 Asset-Backed Pass-Through Certificates Series 2005-RP1 was the holder of the Debtor's mortgage.

> A Foreclosure Auction Sale Agreement and a Memorandum of Terms and Conditions of Sale dated September 3, 2011 between executed by McCarthy and The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as Successor of JPMorgan Chase Bank, National Association indicating that the property was to be conveyed to McCarthy on October 3, 2010 upon payment of $501,000; and

> A Municipal Lien Certificate, showing that the assessed value of the property

as of March 8, 2010 was $748,600.

## IV. DISCUSSION

A. Applicable Law

    1. Standard for Dismissal under Rule 12(b)(6)

To survive a motion to dismiss, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). According to the court in Brown v. Bank of America Corp., No. 10-11085, 2011 WL 1311278 (D. Mass. Mar. 31, 2011),

> When evaluating the merits of a motion to dismiss, a court may look to the facts alleged in the pleadings as well as the documents attached as exhibits or incorporated by reference in the complaint. Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 (1st Cir.2009). The Court draws all reasonable inferences in the plaintiff's favor and accepts all factual allegations in the complaint as true. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir.2000). A complaint fails to state a claim for relief, however, when the facts alleged fail to warrant an inference of more than the mere possibility of misconduct. Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

2011 WL 1311278 at * 3.  Pursuant to Fed. R. Civ. P. 12(d), made applicable to this proceeding by Fed. R. Bankr. P. 7012, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Additionally, "[a]ll parties must be given a reasonable opportunity to present all material that is pertinent to the motion." Id.

2. Summary Judgment Standard[5]

In <u>Hammond v. JPMC Specialty Mortg. LLC</u>, No. 10-11121-DPW, 2011 WL 1463632 (D. Mass. April 15, 2011), the court articulated the summary judgment standard in the context of a challenge to the validity of a foreclosure sale. The court stated:

> A movant is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. P. 56(a). If the moving party meets this burden, "the opposing party can then defeat the motion by showing that there is a genuine issue of material fact." <u>Rivera–Colon v. Mills</u>, __ F.3d __, 2011 WL 504049, at *2 (1st Cir. Feb.15, 2011). An issue is genuine "if 'a reasonable jury could resolve the point in favor of the nonmoving party.'" <u>Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London</u>, __ F.3d __, 2011 WL 834072, at *2 (1st Cir. Mar.11, 2011) (quoting <u>McCarthy v. Nw. Airlines, Inc.</u>, 56 F.3d 313, 315 (1st Cir.1995)). A fact is material if "its existence or nonexistence has the potential to change the outcome of the suit." <u>Borges ex rel. S.M.B.W. v. Serrano–Isern</u>, 605 F.3d 1, 5 (1st Cir.2010).

2011 WL 1463632 at * 3.[6]

---

[5] Federal Rule of Civil Procedure 56 was amended effective December 1, 2010. The substantive standard for summary judgment, however, remaineds unchanged. *See* <u>Tropigas de P.R. v. Certain Underwriters at Lloyd's of London</u>, __F.3d __, 2011 WL 834072, at *2 n. 5 (1st Cir. Mar.11, 2011).

[6] The court added:

> "In evaluating whether there is a genuine issue of material fact, the court examines the record—pleadings, affidavits, depositions, admissions, and answers to interrogatories—viewing the evidence in the light most favorable to the party opposing summary judgment." <u>Id.</u> (citations omitted). However, I may "afford no evidentiary weight to 'conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative.' " <u>Tropigas de P.R., Inc.</u>, 2011 WL 834072, at *2 (quoting <u>Rogan v. City of Boston</u>, 267 F.3d 24, 27 (1st Cir.2001)). Thus, in order to meet its burden, the nonmoving party "must point to competent evidence and specific facts." <u>Tropigas de P.R., Inc.</u>, 2011 WL 834072, at *3 (citation omitted). . . .

B. Analysis

The parties failed to address the ramifications of the submission of documentation in support of the Plaintiff's Emergency Motion for Injunctive Relief and the Defendants' Joint Motion to Dismiss. At this juncture, it is impossible to resolve the issues raised by the Defendants in their Joint Motion to Dismiss using the Rule 12(b)(6) standard. *See* Rodi v. Southern New England School of Law, 398 F.3d 5 (1st Cir. 2004). In Rodi, the court observed: "[t]he threshold issue here involves a determination of what legal standard the district court applied (or should have applied) in examining the pleadings before it. The defendants styled their motion as a motion to dismiss, but the parties then proffered exhibits containing information extraneous to the complaint. That presents a quandary." Id. at 11-12. Some of the counts in the Debtor's Complaint could be resolved through a Motion to Dismiss, while others should be resolved through a motion for summary judgment. Rather than proceeding on a confused record, this Court shall enter an order establishing a deadline for the submission of evidentiary materials pertinent to a motion for summary judgment or a motion for partial summary judgment, by the Defendants and pertinent to any opposition submitted by the Plaintiff. All such evidentiary submissions must comply with the provisions of Fed. R. Civ. P. 56(c).

The Court also observes that, although the Defendants filed an Answer to the original verified complaint, they did not file an Answer to the Amended Complaint. The Court thus is unable to ascertain whether the Defendants consent to the entry of final judgment in the

---

2011 WL 1463732 at *3.

adversary proceeding. The Court shall issue a deadline for the Defendants to file a Statement in response to paragraph 8 of the Amended Complaint in which the Plaintiff sets forth its view of the Court's jurisdiction.

## V. CONCLUSION

In accordance with the foregoing, the Court shall enter an order denying the Motion to Dismiss without prejudice to the filing of a Motion for Summary Judgment or a Partial Motion for Summary Judgment within 30 days of the date of its order. The Plaintiff shall be afforded an opportunity to respond within 14 days thereafter.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: August 16, 2011