# UNITED STATES BANKRUPTCY COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re

**WALTER W. LACEY,**                                    Chapter 13
     Debtor                                      Case No. 10-19903-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**WALTER W. LACEY,**
     Plaintiff

v.                                                    Adv. P. No. 10-1249

**BAC HOME LOANS SERVICING, LP;
GMAC-RFC HOLDING COMPANY, LLC,
ORLANS MORAN PLLC,  BANK OF NEW YORK
MELLON TRUST COMPANY, NA,**
     Defendants
**DARLENE McCARTHY,**
     Intervener Defendant

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM

## I. INTRODUCTION

Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP

("BOA"), GMAC-RFC Holding Company LLC, Orlans Moran PLLC and Bank of New York

Mellon (collectively, the "Defendants") do not consent to the entry of final orders by the

1

bankruptcy court.[1]  In a Statement filed with the Court, they seek alternative relief in the form of remand, abstention, and withdrawal of the reference.  In view of the record of proceedings  and the relief requested by the Defendants, the Court, pursuant to 28 U.S.C. § 157(b)(3), must determine whether the claims made by the Debtor in this adversary proceeding are core or otherwise related to his case under title 11.  *See* 28 U.S.C. § 1334(b).

## II. BACKGROUND

The Debtor filed a Chapter 13 petition on September 12, 2010.  On October 25, 2010, he filed Schedules of Assets and Liabilities.  Although his home had been sold at a foreclosure sale to Darlene McCarthy ("McCarthy") prior to the petition date, he listed real property located at 11 Mount Vernon Street, Charlestown, Massachusetts (the "Property") on Schedule A-Real Property with a value of $798,000, subject to a secured claim of $32,282.  On Schedule B-Personal Property, the Debtor did not list any claims against the Defendants, although he amended Schedule B on August 24, 2011 to add the claims he asserts against the Defendants in his First Amended Complaint.

On Schedule D-Creditors Holding Secured Claims, the Debtor listed "Bank of America - Home Loans" as the holder of a first mortgage on the Property in the sum of $32,282.  On Schedule F-Creditors Holding Unsecured Nonpriority Claims, he listed claims totaling $714.48.  None of the Defendants have filed a proof of claim in the Debtor's case, although a creditor by the name of John Maranganore filed a secured claim in the sum of

---

[1] Pursuant to the Assented-To Motion for Substitution of Party filed on September 1, 2011, the Court granted Bank of America, N.A. to be substituted for BAC Home Loans Servicing, LP.

$56,627.60.  Holders of priority claims filed claims in the sum of $1,132.37 and holders of unsecured claims filed claims in the sum of $1,936.03.  The Debtor has not filed any objections to proofs of claim and the deadline for doing so has passed.  *See* MLBR 3007-1 and MLBR Appendix 1, Rule 13-13(e).

The Debtor filed a Chapter 13 plan of October 25, 2011.  In his plan, he stated:

> The Debtor avers that Bank of America wrongfully foreclosed shortly pre-petition.  The issue is presented in Adversary Proceeding 10-01249.  The debtor will make adequate protection payments to the trustee in an amount to be determined, pending resolution of the adversary proceeding.  According to the fixed rate Note, the monthly payment is $961.21.  The trustee shall be entitled to her standard commission on any disbursements of adequate protection payments.

In the Liquidation Analysis accompanying his Plan, the Debtor valued the net equity in his real estate at $265,718.00.

On September 13, 2010, the Debtor filed a Complaint against BAC Home Loans Servicing, LP.  The Debtor's original Verified Complaint contained three paragraphs setting forth the jurisdiction of the bankruptcy court as follows:

> 6. This Court has jurisdiction of the bankruptcy case and this complaint pursuant to 28 USC § 1334].

> 7. Pursuant to 28 USC § 157, the district court has referred all bankruptcy cases and related proceedings to the bankruptcy judges of this district.

> 8. This is a core proceeding within the meaning of that statute, and the court has jurisdiction to enter a final judgment.  In the event that any claim is determined to be non-core, the plaintiff assents to entry of final judgment by the bankruptcy court.

On October 13, 2010, BAC Home Loans Servicing. LP and Orlans Moran, PLLC filed

an answer to the Debtor's Complaint.  They responded to the above allegations concerning jurisdiction as follows:

> 6. Denied. As per <u>In Re Medaglia 402 B.R. 530</u> [sic] the bankruptcy was filed after the Memorandum of Sale was signed so the Plaintiff's property never became property of the estate.[2]

> 7. Does not require a response.

> 8. Denied for the above stated reasons.

On February 25, 2011, after protracted proceedings which included the denial of the Debtor's Emergency Motion for Injunctive Relief, and the denial of a "Joint Motion to Dissolve Adversary Proceeding," the Debtor filed a First Amended Complaint in which he recited the same jurisdictional predicate for his claims and set forth nine causes of action as follows:   Count I-Wrongful Foreclosure; Count II-Promissory Estoppel; Count III-Chapter 93A; Count IV-RESPA; Count V-Fair Debt Collection Practices Act; Count VI-Deceit and Misrepresentation; Count VII-Negligence; Count VIII-Accounting; and Count IX-Infliction of Emotional Distress.  On April 26, 2011, BAC Home Loans Servicing, LP, GMAC-RFC Holding Company LLC, Orlans Moran PLLC and Bank of New York Mellon Trust Company, NA filed Defendants' Joint Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b).

On August 16, 2011, this Court entered a Memorandum and Order in which it

---

[2] In <u>In re Medaglia</u>, 402 B.R. 530 (Bankr. D. R.I. 2009), the court held that a debtor's right to cure under 11 U.S.C. 1322(c)(1) is "cut off at the foreclosure sale." 402 B.R. at 533. The bankruptcy court granted relief from the automatic stay to buyers of the debtor's property at a prepetition foreclosure sale, where a memorandum of sale had been executed but the foreclosure deed had not been recorded.

observed that the Defendants had submitted evidentiary materials with their Joint Motion

to Dismiss, irremediably clouding the issue of whether the dismissal standard or summary

judgment standard should apply for purposes of determining the Motion.  In addition, in

the absence of an answers to the First Amended Complaint, the Court also observed that

it was "unable to ascertain whether the Defendants consent to the entry of final judgment

in the adversary proceeding." *See* Lacey v. BAC Home Loans Servicing, LP (In re Lacey),

No. 10-1249, 2011 WL 3607963 at *6 (Bankr. D. Mass. Aug. 16, 2011).  On the same day, the

Court issued an order requiring the Defendants to file a Statement in response to

paragraph 8 of the Debtor's First Amended Complaint.  The Defendants complied and filed

a Statement, discussed in detail below, containing a request that "this [Court] refer these

proceedings back to the United States District Court for the District of Massachusetts," as

well as suggestions that this Court remand the proceeding and abstain.

## III. POSITIONS OF THE PARTIES

On September 1, 2011, the Defendants filed their Statement in which they set forth

the following:

> The Amended Complaint does not relate to core proceedings as defined by
> 28 U.S.C. § 157 et seq. and does not set forth claims that arise under the
> Bankruptcy Code or concern the administration of Plaintiff's bankruptcy
> estate; therefore, Defendants do not consent to an entry of final judgment by
> this Court and respectfully request that this Court remand this matter to the
> United States District Court for the District of Massachusetts.

While recognizing that 28 U.S.C. § 157(a) authorizes District Courts to refer "'any or all

cases . . . and any and all proceedings' arising under the bankruptcy code to non-Article

5

III bankruptcy courts," the Defendants, citing 28 U.S.C. § 157(a) and <u>Stern v. Marshal</u> [sic],

564 U.S. __, 131 S.Ct. 2594, 2603 (2011), state that "if good cause is shown, a District Court

has the discretion to take back cases referred to the local bankruptcy courts."   The

Defendants have not filed a motion to withdraw the reference.

The Defendants maintain that the claims asserted by the Debtor are not "core"

proceedings within the meaning of 28 U.S.C. § 157(b)(2).  Relying upon the decisions in

<u>Frazier v. Residential Funding Corp. (In re Frazier)</u>, No. 06-1295, 2006 WL 2715145 (Bankr.

D. Mass. Sept. 21, 20116),[3] and  <u>Ralls v. Docktor Pet Centers, Inc.</u>, 177 B.R. 420 (D. Mass.

---

[3]  In <u>Frazier</u>, the court stated:

The various counts in the complaint seek both damages and, as against
one defendant, a determination that its prepetition foreclosure sale was
wrongful and ineffective to divest the Debtor of title to certain real
property, and that title to such property remains in her. The causes of
action arose entirely before the Debtor filed her bankruptcy petition. The
rights they seek to adjudicate were rights the Debtor held when she
commenced this case. They do not arise under bankruptcy law, but
entirely under state law, and could have been brought by the Debtor prior
to her bankruptcy filing. For these reasons, the various counts are not core
proceedings. The fact that these counts are actions to liquidate prepetition
assets of the estate, or to determine the property rights of the debtor as
against a third-party ( i.e., a party other than the estate) as of the date of
the bankruptcy filing, does not bring them within the scope of 28 U.S.C. §
157(b)(2)(O) (stating that core proceedings include "other proceedings
affecting the liquidation of the assets of the estate"). By that definition,
every <u>Marathon</u>-type action would, despite the holding of the Supreme
Court in <u>Marathon</u>, constitute a core proceeding. So construed, subsection
157(b)(2)(O) would be unconstitutional for the reasons articulated in
Marathon. This cannot have been Congress's intent. Rather, subsection
157(b)(2)(O) must be construed consistently with <u>Marathon</u>. So construed,
it includes, for example, adversary complaints under 11 U.S.C. § 363(h)
and motions under 11 U.S.C. § 363(f), both of which affect the liquidation
of assets of the estate, but not <u>Marathon</u>-type actions, straight-forward

1995), they assert that "[t]his case is emblematic of the type of case that *Marathon*[4] and its

progeny have sought to segregate from bankruptcy courts." The Defendants argue that

this Court "lacks any power to render a final judgment" because they do not consent to an

entry of final judgment. Citing <u>BancBoston Real Estate Capital Corp. v. JBI Assocs. Ltd.</u>

<u>P'ship (Jackson Brook Inst., Inc.)</u>, 227 B.R. 569 (D. Me. 1998),[5] they also state that "[i]n the

event that this Court declines to abstain from adjudicating this matter, such an order is

immediately appealable to the district court." They "respectfully request that this [Court]

refer these proceedings back to the United States District Court for the District of

Massachusetts." They further request a stay of the deadline for filing motions for summary

---

actions to liquidate claims of the estate that arose prepetition or to
determine the Debtor's interest's in property (as against parties other than
the estate) as of the date of the bankruptcy filing. For these reasons, the
various counts are not core proceedings.

2006 WL 2715145 at * 1 (footnote omitted).

[4] *See* <u>Northern Pipeline Const. Co. v. Marathon Pipe Line Co.</u>, 458 U.S. 50 (1982).

[5] The court in <u>Jackson Brook Inst.</u> stated:

 First, an abstention order is appealable if it puts the litigants "effectively
out of court" and has the effect "precisely to surrender jurisdiction of a
federal suit to a state court." <u>Quackenbush</u>, 517 U.S. at 713, 116 S.Ct. at
1719. Second, an abstention order is reviewable on appeal if it fits within
the narrow class of immediately appealable collateral orders. <u>Id.</u> (orders
that do not meet the definition of finality, but satisfy the collateral order
doctrine, are nevertheless appealable under section 1291); 1 Collier
Bankruptcy Manual ¶ 5.07[3] (3d ed. rev.1998) (the collateral order
doctrine has been grafted onto the bankruptcy appellate system).

<u>Id.</u> at 576.

7

judgment or partial summary judgment, if this Court retains jurisdiction so that they can seek appellate review.

The Debtor maintains that resolution of his claims involve core proceedings within the meaning of <u>Arnold Print Works, Inc. v. Apkin</u>, 815 F.2d 165 (1st Cir. 1987) (debtor-in-possession's action to collect account receivable, arising out of a postpetition contract and as part of its efforts to liquidate its estate assets, was a "core proceeding" over which bankruptcy court had constitutional jurisdiction).  He maintains that because his claims augment his Chapter 13 bankruptcy estate they would fit  within the bankruptcy court's core jurisdiction as set forth in <u>Arnold Print Works</u>.  The Debtor recognizes, however, that after the Supreme Court's decision in <u>Stern v. Marshall</u> that "sorting out what is a 'core' proceeding, and what is 'related to' a bankruptcy case, is not an easy task and even once the question is resolved, it does not mean that the bankruptcy court will have subject matter jurisdiction in the Constitutional sense." He adds that even if this Court were to determine that the adversary proceeding is "core," the holding of <u>Stern v. Marshall</u> may affect the outcome of the Court's decision, because, in the Debtor's view, the Supreme Court's decision affects  constitutional subject matter jurisdiction.  The Debtor suggests, in the interest of judicial economy, that "the reference of this matter from the district court to this Court should be withdrawn."

**IV. DISCUSSION**

The Supreme Court in <u>Stern v. Marshall</u>, __ U.S._, 131 S.Ct. 2594 (2011), succinctly set forth the basis of bankruptcy court jurisdiction.  It stated:

[T]he district courts of the United States have "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). Congress has divided bankruptcy proceedings into three categories: those that "aris[e] under title 11"; those that "aris[e] in" a Title 11 case; and those that are "related to a case under title 11." § 157(a). District courts may refer any or all such proceedings to the bankruptcy judges of their district, <u>ibid.</u>, which is how the Bankruptcy Court in this case came to preside over Vickie's bankruptcy proceedings. *District courts also may withdraw a case or proceeding referred to the bankruptcy court "for cause shown." § 157(d).* Since Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984 (the 1984 Act), bankruptcy judges for each district have been appointed to 14–year terms by the courts of appeals for the circuits in which their district is located. § 152(a)(1).

The manner in which a bankruptcy judge may act on a referred matter depends on the type of proceeding involved. Bankruptcy judges may hear and enter final judgments in "all core proceedings arising under title 11, or arising in a case under title 11." § 157(b)(1). "Core proceedings include, but are not limited to" 16 different types of matters, including "counterclaims by [a debtor's] estate against persons filing claims against the estate." § 157(b)(2)(C).

<u>Stern v. Marshall</u>, 131 S.Ct. at 2603 (emphasis added).  Section 157(b)(2) provides:

> (2) Core proceedings include, but are not limited to–
>
>> (A) matters concerning the administration of the estate;
>>
>> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
>>
>> (C) counterclaims by the estate against persons filing claims against the estate;
>>
>> (D) orders in respect to obtaining credit;

9

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and

(P) recognition of foreign proceedings and other matters under chapter 15 of title 11.

28 U.S.C. § 157(b)(2). At the outset, the Court observes that the Debtor's Amended

Complaint does not involve § 157(b)(2)(B) or (C) as none of the Defendants have filed a

proof of claim.

The Debtor's claims against the Defendants are assets of his bankruptcy estate,

although admittedly they have not been liquidated and ultimately may prove to have no

value.  Moreover, his claims arise solely under state or non-bankruptcy, federal law,

although "[a] determination that a proceeding is not a core proceeding shall not be made

solely on the basis that its resolution may be affected by State law."  28 U.S.C. § 157(b)(3).

At first blush, the Debtor's claims would appear to fit squarely within the ambit of §

157(b)(2)(O).  In this  regard, the Court, in denying the Debtor's  Emergency Motion for

Injunctive Relief, determined that the Property is not property of the bankruptcy estate and

that the Debtor's equity of redemption was extinguished prior to the commencement of his

bankruptcy case.  Moreover, all of the causes of action arose before the Debtor filed his

Chapter 13 case and none arise under bankruptcy law.

Section 157(b)(2)(O) is the "so-called 'catch-all'" provision.  "This provision, while

written broadly, is not to be construed broadly—rather it must be construed to conform to

the constitutional proscription of *Marathon*."  *See* Hayim v. Goetz (In re SOL, LLC), 449 B.R.

498, 506 (Bankr. S. D. Fla. 2009) (citing  Matter of Wood, 825 F.2d 90, 95 (5th Cir. 1987)).  As

the court observed in SOL, LLC,

> The court in Tidewater Lodging, 2009 WL 909417 at * 2, recognized that a
> matter cannot be deemed to be core merely because the debtor holds a claim
> which, if successful, could increase the assets of the estate. The court wrote:
> "[i]f this Court conferred core jurisdiction on that basis, however, virtually
> any claim which could increase the assets of the estate would entitle the
> bankruptcy court to ignore the constitution proscription set forth in
> *Marathon*." Id. (quoting from Marill Alarm Systems, 81 B.R. at 123). Even if
> payment of creditors claims was entirely dependent upon recovery of the
> claimed commission, as the Trustee here contends, this would still not be
> enough to confer core jurisdiction on the bankruptcy court. Peterson v. 610
> W. 142 Owners Corp. (In re 610 W. 142 Owners Corp.), 219 B.R. 363, 370, 372
> (Bankr. S.D.N.Y. 1998) (to permit core jurisdiction to be exercised on such a
> basis would "emasculate" the Supreme Court's *Marathon* decision because

every recovery can change the size of a bankruptcy estate).

SOL, LLC, 419 B.R. at 506.  *See also* In re Frazier, 2006 WL 2715145 at *1.

The Court concludes that the Debtor's causes of action are not "core;" rather they are "related-to" the Debtor's bankruptcy case as resolution of the claims will have a conceivable impact on the bankruptcy estate.  *See* Boston Regional Med. Center, Inc. v. Reynolds (In re Boston Regional Med. Center, Inc.), 410 F.3d 100 (1st Cir. 2005).[6]  A determination that the Debtor's causes of action are "related-to"the Debtor's bankruptcy case compels the conclusion that this Court has jurisdiction to submit proposed findings of fact and conclusion of law to the district court pursuant to 28 U.S.C. § 157(c)(1).[7]

---

[6] In that case the court stated:

> The statutory grant of "related to" jurisdiction is quite broad. Congress deliberately allowed the cession of wide-ranging jurisdiction to the bankruptcy courts to enable them to deal efficiently and effectively with the entire universe of matters connected with bankruptcy estates. *See* Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir.1984). Thus, bankruptcy courts ordinarily may exercise related to jurisdiction as long as the outcome of the litigation "potentially [could] have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate." In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir.1991) (quoting In re Smith, 866 F.2d 576, 580 (3d Cir.1989)).

Boston Regional Med. Center, Inc., 410 F.3d at 105.

[7] Count IX through which the Debtor seeks damages for Infliction of Emotional Distress may be an exception as it implicates the Supreme Court's holding in Stern v. Marshall and 28 U.S.C. § 157(b)(5) ("The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim

Although this Court may submit proposed findings of fact and conclusions of law to the district court, a circumstance which the Defendants do not address in their Statement, they do not wish this adversary proceeding to continue in the bankruptcy court. They seek remand, withdrawal of the reference or abstention.

The Court finds that the position advanced by the Defendants demonstrates some confusion about bankruptcy procedure. Although the Defendants reference 28 U.S.C. §§ 157 and 1334, they fail to properly invoke the concepts of remand, *see* 28 U.S.C. § 1452(b) and Fed. R. Bankr. P. 9027; discretionary and mandatory abstention, *see* 28 U.S.C. § 1334(c)(1) and (c)(2); or withdrawal of the reference, *see* 28 U.S.C. § 157(d), LR, D. Mass. 201,[8] and MLBR 5011-1. Moreover, neither the Defendants nor the Debtor analyze the United States Supreme Court's decision in <u>Stern v. Marshall</u>, the  holding of which is inapposite to the instant case as it involved a a counterclaim by the estate against a person filing a claim against the estate, except as to Count IX captioned "Infliction of Emotional

---

arose, as determined by the district court in which the bankruptcy case is pending.).
.

[8] LR, D. Mass. 201 provides:

Pursuant to 28 U.S.C. § 157(a), any and all cases arising under Title 11 United States Code and any and all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred to the judges of the bankruptcy court for the District of Massachusetts.

Distress."[9] *See generally* <u>In re Palazzola</u> No.10-3254, 2011 WL 3667624 (Bankr. N.D. Ohio

Aug. 22, 2011); <u>In re Thomas</u>, 211 B.R. 838 (Bankr. D.S.C. 1997).   In <u>Stern v. Marshall</u>, the

Supreme Court determined  § 157(b)(2)(C) permitted the Bankruptcy Court to enter final

judgment on the debtor's counterclaim for tortuous interference with her expectancy

interest to a defamation claim, but that Article III of the Constitution does not.  131 S.Ct. at

2608.[10]   In the instant case, the Defendants have neither filed nor asserted any claims

against the Debtor.  Moreover, there is nothing in the record to suggest that the parties to

---

[9] The Court stated:

We need not determine what constitutes a "personal injury tort" in this
case because we agree with Vickie that § 157(b)(5) is not jurisdictional, and
that Pierce consented to the Bankruptcy Court's resolution of his
defamation claim. Because "[b]randing a rule as going to a court's
subject-matter jurisdiction alters the normal operation of our adversarial
system," <u>Henderson v. Shinseki</u>, 562 U.S. __, ___,___131 S.Ct. 1197,
1201–03, 179 L.Ed.2d 159 (2011), we are not inclined to interpret statutes as
creating a jurisdictional bar when they are not framed as such. *See
generally* <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 516, 126 S.Ct. 1235, 163
L.Ed.2d 1097 (2006) ("when Congress does not rank a statutory limitation
on coverage as jurisdictional, courts should treat the restriction as
nonjurisdictional in character").

131 S.Ct. at 2606-07.

[10] The Court stated:

Section 157 allocates the authority to enter final judgment between the
bankruptcy court and the district court. *See* §§ 157(b)(1), (c)(1). That
allocation does not implicate questions of subject matter jurisdiction. *See* §
157(c)(2) (parties may consent to entry of final judgment by bankruptcy
judge in non-core case). By the same token, § 157(b)(5) simply specifies
where a particular category of cases should be tried.

131 S.Ct. at 2607.

this adversary proceeding were parties to any proceeding that was pending in either state

or federal court before the commencement of the Debtor's bankruptcy case.  Accordingly,

the Defendants' request that this Court remand the Debtor's adversary proceeding to the

United States District Court for the District of Massachusetts is unwarranted and

preposterous.

The Defendants also request that this Court refer the adversary proceeding back to

the district court. The Defendants, however, have the responsibility for seeking withdrawal

of the reference and could have filed a motion for the withdrawal of the reference in the

district court at any time and may still do so.

Section 157(d) provides in pertinent part:

> *The district court may withdraw*, in whole or in part, any case or proceeding
> referred under this section, on its own motion or on timely motion of any
> party, for cause shown. The district court shall, *on timely motion of a party*, so
> withdraw a proceeding if the court determines that resolution of the
> proceeding requires consideration of both title 11 and other laws of the
> United States regulating organizations or activities affecting interstate
> commerce.

28 U.S.C. § 157(d) (emphasis supplied).  The statute expressly provides that withdrawal of

reference follows the timely motion of a party and that motion must be directed to the

district court.  *See* Fed. R. Bankr. P. 5011(a) ("A motion for withdrawal of a case or

proceeding shall be heard by a district judge.").  The court in In re First Alliance Mortg. Co.,

282 B.R. 894 (C.D. Cal. 2001), explained:

> A transfer to the district court is accomplished by "withdrawing" the
> "reference." A litigant who believes that a certain proceeding or portion of
> a proceeding pending in the bankruptcy court should be litigated in the

district court may make such a motion. Such a motion is heard by the district court. Fed. R. Bankr. 5011(a). Most requests for withdrawal are governed by the so-called permissive withdrawal provision of § 157(d), which provides that the reference may be withdrawn in the exercise of the district court's discretion "for cause shown." "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Security Farms v. International Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir.1997). Withdrawal of the reference is mandatory for proceedings that require consideration of both bankruptcy law and other, non-bankruptcy federal law that affects interstate commerce. 28 U.S.C. § 157(d). The burden of persuasion is on the party seeking withdrawal. In re Homeland Stores, Inc., 204 B.R. 427, 430 (D. Del. 1997).

First Alliance Mortg. Co., 282 B.R. 901-02 (footnotes omitted). "The threshold question in evaluating a motion to withdraw is whether the motion was made in a timely manner."

Siegel v. F.D.I.C., No.  , 2011 WL 2883012 at *3 (C.D. Cal. July 15, 2011) (citations omitted).

In In re Wonder Corp. of Amer., the court expressed the view from a bankruptcy court perspective.  It stated:

> Surely the District Court didn't refer cases to me with the expectation that I would decline to decide these matters and refer them back to that Court for an appropriate order. While I recognize that § 157(b)(1) states that I "may" enter appropriate orders on core proceedings, it would be short sighted to read that language without a reference to § 157(d). The intent of § 157 was to have bankruptcy judges enter dispositive orders on referred core matters unless the reference of those matters was withdrawn by the district court "on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Section 157 does not provide and the District Court's general order of reference does not contemplate that a bankruptcy judge may modify the reference of a core proceeding.

81 B.R. at 226 (citing In re Oceanquest Feeder Service, Inc., 56 B.R. 715, 719–20 (Bankr. D. Conn. 1986)). But see In re Wang Laboratories, Inc., 164 B.R. 401 (Bankr. D. Mass. 1994).

This Court does not consider the distinction between core and non-core matters to be dispositive of whether it has authority to withdraw the reference. The decision to do so is within the purview of the district court. The Defendants may file a motion to withdraw the reference with this court for transmittal to the district court which may assess its timeliness.

Finally, the Defendants request this Court to abstain. They do not distinguish between permissive and mandatory abstention and do not cite 28 U.S.C. § 1334(c)(1) and (c)(2), refer to no cases, and do not offer grounds for abstention.

Section 1334(c) provides:

(c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

According to the court in In re Mattson, 448 B.R. 540 (Bankr. D. Kan. 2011), abstention is mandatory when all of the following elements are present:

(1) the motion to abstain was timely filed; (2) the underlying action is based on state law; (3) an action has been commenced in state court; (4) the action can be timely adjudicated in state court; (5) there is no independent basis for federal jurisdiction other than bankruptcy; and (6) the matter is non-core.

17

448 B.R. at 545 (footnote omitted, citations omitted).  In addition to the action being initiated in state court, § 1334(c)(2) also requires that the state court be a "forum of appropriate jurisdiction."

Mandatory abstention is inapplicable to the instant proceeding for numerous reasons.  Although the Debtor has formulated a number of counts arising under state law, he has also asserted claims under non-bankruptcy, federal laws, namely the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 et seq., and the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq.  Moreover, no action had been commenced by the Debtor in the state court.

With respect to permissive abstention under § 1334(c)(1), the United States Court of Appeals for the First Circuit in New England Power & Marine, Inc. v. Town of Tyngsborough (In re Middlesex Power Equip. & Marine, Inc.), 292 F.3d 61 (1st Cir. 2002), observed:

> The statute itself delineates "three . . . criteria to determine whether abstention is appropriate": the interests of justice, comity, and respect for state law. In re Pan Am. Corp., 950 F.2d at 845. Other circuits have considered several factors in the determination of whether permissive abstention is appropriate, including: "the extent to which state law issues predominate over bankruptcy issues"; "the presence of a related proceeding commenced in state court or other nonbankruptcy court"; and "the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties." *See* Christensen v. Tucson Estates, Inc. ( In re Tucson Estates, Inc.), 912 F.2d 1162, 1166-67 (9th Cir.1990) (quoting Republic Reader's Serv., Inc. v. Magazine Serv. Bureau, Inc. ( In re Republic Reader's Serv., Inc.), 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987)) (internal quotations omitted) (adopting a twelve-factor test to ascertain whether permissive abstention is appropriate in any given case); *see also* In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co., 6 F.3d 1184, 1189 (7th

18

Cir.1993) (same).

Middlesex Power, 292 F.3d at 69-70. The court in In re Peacock, __ B.R. __, 2011 WL

3874461 (Bankr. M.D. Fla. Sept. 2, 2011), set forth the 12 factors mentioned by the First

Circuit, stating:

> Exercise of permissive abstention is appropriate when abstention is in the interest of justice, in the interest of comity with State courts, or out of respect for State law. 28 U.S.C. § 1334(c)(1). The factors a court should consider when determining whether it should abstain from hearing a particular proceeding include the following:
>
> (1) The effect or lack thereof on the efficient administration of the estate if a court abstains,
>
> (2) The extent to which state law issues predominate over bankruptcy issues,
>
> (3) The difficulty or unsettled nature of applicable law,
>
> (4) The presence of a related proceeding commenced in state court or other non-bankruptcy court,
>
> (5) The jurisdictional basis, if any, other than 28 U.S.C. § 1334,
>
> (6) The degree of relatedness or remoteness of the proceeding to the main bankruptcy case,
>
> (7) The substance rather than form of an asserted "core" proceeding,
>
> (8) The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,
>
> (9) The burden of the bankruptcy court's docket,
>
> (10) The likelihood that the commencement of the proceeding in bankruptcy court involved forum shopping by one of the parties,
>
> (11) The existence of a right to a jury trial, and

(12) The presence in the proceeding of non-debtor parties.

Peacock, 2011 WL 3874461 at *2-3 (citing In re Wood, 216 B.R. 1010, 1014 (Bankr.M.D.Fla.1998)).

The interests of justice, comity with state courts and respect for state law do not weigh in favor of abstention. As noted, the Debtor has formulated counts involving federal law, other than bankruptcy law, as well as state law. Nevertheless, several factors do weigh in favor of permissive abstention. The Court recognizes that no bankruptcy law issues are involved in this adversary proceeding and that the Debtor's claims do not involve core matters. Nevertheless, a party seeking abstention has the burden of establishing the grounds for abstention, and it is not the job of this Court to make the Defendants' arguments.

This adversary proceeding and the Debtor's Chapter 13 case have been pending for over one year. The Defendants have not moved to withdraw the reference or filed a Motion to Abstain. Rather they seek relief through a "Statement," which was filed at the direction of this Court to expedite resolution of the proceeding. The Defendants did not address the factors that need to be analyzed before abstention can be considered. Although the Court has found some factors might suggest that abstention would be advisable, this Court, in the absence of a proper motion, shall not *sua sponte* abstain, where the Court can submit proposed findings of fact and conclusions of law to the district court in accordance with 28 U.S.C. § 157(c)(1). Additionally, this Court is aware that the district court itself must manage a burgeoning number of cases, such as the instant adversary proceeding, in

20

which disgruntled borrowers seek redress against mortgage lenders whose industry has been the subject of well-publicized abuses. Thus, a decision to abstain could result in the adversary proceeding simply being re-filed in the district court, interposing more delay and uncertainty. *See generally* <u>McDaniel v. ABN Amro Mortg. Group</u>, 364 B.R. 644 (S.D. Ohio 2007).

## V. CONCLUSION

In view of the foregoing and pursuant to 28 U.S.C. § 157(b)(3), the Court finds that the claims set forth in the Debtor's First Amended Complaint are "related-to" the Debtor's bankruptcy case. Although the Defendants do not consent to the entry of final judgment, this Court shall resolve the Debtor's claims and submit proposed findings of fact and rulings of law to the district court. The Court's decision is, of course, without prejudice to the filing of a motion to withdraw the reference by either the Defendants or the Debtor, or a joint motion to withdraw the reference, or a motion for abstention.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: October 27, 2011

21